UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LEAH DENNIS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 11-4135 (JLL) |
| | : | |
| v. | : | |
| | : | |
| WELLS FARGO BANK, NA, | : | REPORT & RECOMMENDATION |
| | : | |
| Defendant. | : | |

This matter having come before the Court by way of defendant Wells Fargo Banks, NA's motion to remand to state court and dismiss the Complaint;

and the Honorable Jose L. Linares having referred the motion to the Undersigned;

and the Court having considered the record, the parties' submissions, and the governing law;

and plaintiff Leah Dennis having previously filed a complaint before this Court regarding the same dispute, see Notice of Removal & Compl., Dennis v. Wells Fargo Bank, NA as Trustee, Civ. No. 10-5156 (D.N.J. Filed Oct., 7, 2010), ECF No. 1;

and the Court having dismissed that case without prejudice because Dennis's one-paragraph complaint failed to provide a specific legal or factual basis for her claim for relief, see Opinion at 2, Dennis v. Wells Fargo Bank NA, as Trustee, Civ. No. 10-5156 (D.N.J. May 11, 2011), ECF No. 5;

and the Court directing Dennis to file an amended complaint within thirty days of the entry of the order, see Order, Dennis v. Wells Fargo Bank NA, as Trustee, Civ. No. 10-5156

1

(D.N.J. May 11, 2011), ECF No. 6;

and Dennis having filed the present Complaint and Notice of Removal as a new case more than sixty days later, see Notice of Removal & Letter of Compl., July 19, 2011, ECF No. 1;

and in determining the sufficiency of a Complaint under Rule 8(a)(2) and 12(b)(6), the Court deciding not whether the movant will ultimately prevail, but rather whether the complaint sets forth "**enough facts** to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added);[1]

and pro se complaints being construed liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007);

and Dennis's Complaint providing a one-page recitation of law, but absolutely no factual allegations, see Letter of Compl., July 19, 2011, ECF No. 1;

and, despite a liberal construction, a complaint being facially deficient where it merely offers "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement," Iqbal, 129 S. Ct. at 1949 (internal quotations marks and alterations omitted);

---

[1] A two-part analysis determines whether this standard is met. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009)). First, a court separates the factual and legal elements of a claim. Fowler, 578 F.3d at 210. All well-pleaded facts set forth in the pleading and the contents of the documents incorporated therein must be accepted as true, but the Court may disregard any legal conclusions. Id. at 210–11.

Second, as stated above, a court must determine whether the plaintiff's complaint articulates "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; accord Fowler, 578 F.3d at 211. As the Supreme Court instructed in Iqbal, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S. Ct. at 1949. Although this is not a "probability requirement," the well-pleaded facts must do more than demonstrate that the conduct is "merely consistent" with liability so as to "permit the court to infer more than the mere possibility of misconduct" to make a showing of entitlement to relief. Id. at 1949–50 (citations and internal quotation marks omitted). This "context-specific task . . . requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

and the Court further noting that Dennis's Notice of Removal appears to be non-compliant with the protocols set forth in 28 U.S.C. 1446(a);[2]

and the Court further noting that neither the Complaint nor the Notice of Removal articulates a cognizable basis for federal jurisdiction;

IT IS THEREFORE on this 21st day of November, 2011

RECOMMENDED that Defendant's motion to dismiss and remand [ECF No. 2] be granted, and it is further

RECOMMENDED that the Court remand this case to New Jersey Superior Court, Chancery Division, Middlesex County; and it is further

RECOMMENDED that the Court direct Plaintiff to follow the protocols of 28 U.S.C. 1446(a) and include in any future application to remove "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and . . . a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2).

s/*Michael A. Hammer*
UNITED STATES MAGISTRATE JUDGE

---

[2] 28 U.S.C. § 1446(a) states that

A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.