NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEAH DENNIS,<br><br>          Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NA,<br><br>          Defendant. | Civil Action No.: 11-4135 (JLL)<br><br>**OPINION ADOPTING NOVEMBER 21, 2011 REPORT AND RECOMMENDATION** |

**LINARES**, District Judge.

This matter comes before the Court by way of an objection to Magistrate Judge Michael Hammer's Report and Recommendation and Order dated November 21, 2011 ("Report and Recommendation"), in which Judge Hammer considered Defendant Wells Fargo Bank's ("Defendant" or "Wells Fargo") motion to remand. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court adopts Judge Hammer's Report and Recommendation, and grants Defendant's motion to remand.

### BACKGROUND

*Pro se* Plaintiff Leah Dennis ("Dennis" or "Plaintiff") removed this action from the Superior Court of New Jersey, Chancery Division - Middlesex County on July 19, 2011. (CM/ECF No. 1). Defendant subsequently moved to remand. (CM/ECF No. 2). Notably, the Complaint is void of factual allegations but seems to request a stay of a Sheriff's Sale.

As discussed in the Report and Recommendation, Plaintiff previously filed a complaint before this Court regarding the same dispute, which the Court dismissed. <u>Dennis v. Wells Fargo Bank, NA as Trustee</u>, Civ. No. 10-5156 (D.N.J. Filed Oct. 7, 2011). Despite the fact that the Court granted Plaintiff thirty days to file an amended complaint, Dennis filed a new action with the instant Complaint and Notice of Removal more than sixty days later. (R&R, 1; CM/ECF No. 1).

## LEGAL STANDARD

When a magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1)(c); <u>see also</u> L. Civ. R. 72.1(c)(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it. <u>United Steelworkers of Am. v. N. J. Zinc Co., Inc.</u>, 828 F.2d 1001, 1005 (3d Cir. 1987).

The standard of review of a magistrate judge's determination depends upon whether the motion is dispositive or non-dispositive. For dispositive motions, the district court must make a <u>de novo</u> determination of those portions of the magistrate judge's Report to which a litigant has filed an objection. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); <u>see also</u> <u>State Farm Indem. v. Fornaro</u>, 227 F. Supp. 2d 229, 231 (D.N.J. 2002); <u>Zinberg v. Washington Bancorp, Inc.</u>, 138 F.R.D. 397, 401 (D.N.J. 1990) (concluding that the court makes a <u>de novo</u> review of the

2

parts of the report to which the parties object).

## ANALYSIS

As Plaintiff Dennis is proceeding *pro se*, the Court will construe her submissions liberally. Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("A *pro se* complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers"); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004). Despite the Court's liberal construction, Plaintiff fails to articulate a sound basis for federal jurisdiction.[1]

Under 28 U.S.C §§ 1441 and 1446, a party may remove a civil action from state court to federal court if the district court has original jurisdiction over the action and the party removing the action does so within thirty days after receipt of the initial pleading. Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

Notably, Plaintiff does not provide a basis for this Court's jurisdiction in the Complaint. However, in her objection to Judge Hammer's Report and Recommendation, Plaintiff states that removal is "timely because the Court has both original and diversity jurisdiction." (Pl.'s Br. 10).[2] Plaintiff adds that "[t]he Parties involved in this matter are combined of both, Natural persons and Corporate Fictional Persons." (Pl.'s Br. 10). However, other than reciting various provisions of federal law, namely the Truth in Lending Act, and the Fair Debt Collection Practices Act, Plaintiff's

---

[1] The parties dispute whether the Rooker-Feldman Doctrine applies to the instant matter. However, as there is no basis for federal jurisdiction, the Court need not reach that issue. Similarly, the Court need not address Plaintiff's arguments regarding whether the New Jersey State Court Judgment of Foreclosure is void.

[2] As noted by Judge Hammer, Plaintiff's Notice of Removal does not appear to comply with 28 U.S.C. §1446(a).

Complaint does not articulate a federal cause of action because it does not contain *any* accompanying factual allegations. This alone does not amount to a viable federal cause of action. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)).

In addition, where a removing party asserts subject matter jurisdiction on the basis of diversity, there must be complete diversity among the parties in that every plaintiff must be diverse from every defendant. 28 U.S. § 1332(a). Despite Dennis's assertion that the Court has diversity jurisdiction, Plaintiff does not allege that the parties are domiciliaries of different states or that the amount in controversy is at least $75,000. See 28 U.S.C. § 1332. Thus, Plaintiff fails to articulate a basis for federal jurisdiction.

## CONCLUSION

Having thoroughly reviewed Magistrate Judge Hammer's Report and Recommendation, Plaintiff's objections thereto and Defendant's response, this Court hereby adopts Magistrate Judge Hammer's Report and Recommendation in full, and thus grants Defendant's motion to remand this case to New Jersey Superior Court, Chancery Division, Middlesex County.

An appropriate Order accompanies this Opinion.

DATED: December 23, 2011

Jose L. Linares
United States District Judge